UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW ROBERT NEWMAN,<br><br>    Plaintiff,<br><br>v.<br><br>MARGRET JANSEN,<br>Judge JAY M. QUAM,<br>COMMUNITY ADDICTION<br>RECOVERY ENTERPRISE, and<br>CARLENE CLOUD, RNC MP,<br><br>    Defendants. | Civil No. 12-184 (JRT/LIB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed as to Defendant Judge Jay M. Quam.

When a complainant applies for IFP status, his or her complaint is subject to sua sponte review to determine whether the complaint states an actionable claim for relief against all of the named Defendants. 28 U.S.C. 1915(e)(2). Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). The complainant's claims may be dismissed, in whole or in part, if the reviewing Court finds that (a) the complaint fails to state a cause of action on which relief can be granted, or (b) a named Defendant is legally immune from being sued.

In this case, one of the named Defendants, Jay M. Quam, is a Minnesota state district court judge. Plaintiff is attempting to sue Judge Quam for entering an order that caused Plaintiff to be civilly committed.

It is well-settled, however, that judges are immune from civil lawsuits based on alleged misconduct while performing judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). There are only two sets of circumstances in which the doctrine of judicial immunity can be overcome – (1) if the judge is being sued for actions that were not taken in his or her judicial capacity, and (2) if the judge is being sued for actions taken "in the complete absence of jurisdiction." Mireles, 502 U.S. at 11-12.

In this case, it is readily apparent that Judge Quam is being sued for actions that he allegedly performed while serving as a judge. Plaintiff alleges that Judge Quam entered various orders, while serving as a judge, which allegedly violated Plaintiff's rights under state and federal law. In other words, Plaintiff is attempting to sue Judge Quam for acts that he allegedly performed in his judicial capacity. Furthermore, nothing in Plaintiff's submissions suggests that Judge Quam lacked jurisdiction in the state court proceedings in which his orders were entered. Thus, the Court finds that Judge Quam is immune from being sued in the present action under the doctrine of judicial immunity. The Court will therefore recommend that Plaintiff's claims against Defendant Judge Jay M. Quam be dismissed pursuant to § 1915(e)(2)(B)(iii).

In a separate order, the Court has granted Plaintiff's pending IFP application in this case. Thus, at least for now, Plaintiff will be allowed to pursue his claims against the three

remaining Defendants named in his complaint, without prejudice to any defenses those Defendants may hereafter attempt to raise.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

Plaintiff's claims against Defendant Judge Jay M. Quam be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Dated: February 22, 2012

                                                s/Leo I. Brisbois
                                                LEO I. BRISBOIS
                                                United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 8, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.