UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDREW ROBERT NEWMAN,

      Plaintiff,

v.

MARGRET JANSEN, COMMUNITY
ADDICTION RECOVERY ENTERPRISE, &
CARLENE CLOUD,

      Defendants.

Civ. No. 12-184 (JRT/LIB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice.

Plaintiff commenced this action by filing a civil complaint seeking redress for alleged violations of his federal constitutional rights. (Docket No. 1). The complaint was not accompanied by the $350.00 filing fee required by 28 U.S.C. § 1914, but Plaintiff instead filed an application seeking leave to proceed IFP. (Docket No. 2).

On February 22, 2012, the Court granted the Plaintiff's IFP application. (Docket No.5). The Order stated:

> The Clerk's Office will be directed to send Plaintiff three marshal service forms – one for each of the remaining named Defendants in this action. Plaintiff will be required to properly complete those forms, and return them to the Clerk's Office by no later than March 19, 2012. The United States Marshal will be directed to effect service of process on each Defendant for whom a properly completed marshal service form is submitted.

(Order [Docket No. 5], p. 1).[1] The deadline for satisfying the requirements of the Court's prior order has now expired and the Plaintiff has not complied with its requirements. Specifically, Plaintiff has not submitted a properly completed marshal service form for each of the three remaining Defendants in this action as directed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with its prior order,[2] it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

---

[1] It appears that copy of this Order that was mailed by the Clerk of Court to the Plaintiff was returned as "undeliverable" to the Clerk of Court. The Court notes that a Plaintiff pursuing a case has the responsibility to prosecute his case and keep the Court informed of his current address. See Aponte v. Atlantic Exp. Transp., 2008 WL 2388256 , at *5 (E.D. N.Y. June 11, 2008); Ball v. S.M. Jackson & Associates, LLC, 2011 WL 3471458, at *3 (D. Md. Aug. 5, 2011); Handlin v. Garvey, 1996 WL 673823, at *5 (S.D. N.Y. Nov.20, 1996) stating that the duty to inform the court and defendant of current address is "an obligation that rests with all pro se plaintiffs").

[2] The Court's prior order plainly stated: "If Plaintiff fails to submit his marshal service forms in a timely manner, he will be deemed to have abandoned this action, and the Court will recommend that this case be summarily dismissed pursuant to Fed. R. Civ. P. 41(b)." (Order [Docket No. 5], p. 1-2).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

That the Plaintiff's Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE, for failure to comply with this Court's Order of February 22, 2012, and for lack of prosecution.

Dated: March 29, 2012

                                                   s/Leo I. Brisbois
                                                   LEO I. BRISBOIS
                                                   United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 12, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.